United States District Court
Southern District of Texas
**ENTERED**
February 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE YE DARM PRESBYTERIAN CHURCH, § § § | |
| Plaintiff, § | CIVIL ACTION NO. H-25-4091 |
| v. § § | |
| MOUNT VERNON FIRE INSURANCE COMPANY, *et al.*, § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

This is an insurance dispute arising out of a 2025 deep freeze in South Texas. The Ye Darm Presbyterian Church, a Texas citizen, sued its insurance adjuster, Jack Hignett, and the adjuster's employer, Gulf Coast Adjustment Service of Houston, Inc., both Texas citizens, as well as the insurer, Mount Vernon Fire Insurance Co., a citizen of Pennsylvania. (Docket Entry No. 1-5 at 1–2; Docket Entry No. 1 at 3). Mount Vernon removed, claiming that the adjuster was improperly joined to destroy diversity jurisdiction. (Docket Entry No. 1). The Church moved to remand. (Docket Entry No. 3). Mount Vernon argues that the adjuster defendants are improperly joined (1) because adjusters cannot be liable under § 541.060(a)(2)(A) of the Texas Insurance Code and (2) because the Church did not state a claim against the adjuster defendants. (Docket Entry No. 4). The first argument fails, but the second succeeds.

First, federal district courts have reached different results on whether an insurance adjuster cannot be held liable under § 541.060(a)(2)(A) of the Texas Insurance Code. *See, e.g.*, *Hazari LLC v. Everest Indem. Ins. Co.*, No. CV H-19-4071, 2020 WL 1969530, at *8 (S.D. Tex. Apr. 14, 2020); *Holly Villa Condominiums Ass'n v. Westchester Surplus Lines Ins. Co.*, No. CV H-15-2200,

2016 WL 6603816, at *4 (S.D. Tex. Jan. 18, 2016). "In the context of a motion to remand, this split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because any ambiguities are construed against removal and in favor of remand to state court." *Hazari LLC*, 2020 WL 1969530, at *8 (cleaned up).

Second, the Church has not alleged a plausible claim against the adjuster defendants. The Church argues that the adjuster manipulated the Church's pastor's description of how thermostat temperatures were changed into a statement that the Church's heaters were "turned off" before the freeze; that the adjuster posed compound questions designed to elicit confused answers; that, when the pastor clarified that he only adjusts the thermostat, the adjuster ignored the clarification; and that adjuster's mischaracterization of what the pastor said in the interview became the sole basis for Mount Vernon's denial of the claim on February 25, 2025. (Docket Entry No. 1-5 ¶¶ 13–16). These allegations state a plausible claim against the adjuster under § 541.060(a)(2)(A) for failing to "effectuate a prompt, fair, and equitable settlement" of the insurance claim. *See Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (finding allegations that the defendant failed to: inspect the property; request information; truly investigate the claim; and timely and properly report to the insurance company stated a plausible § 541.060(a)(2)(A) claim under federal pleading standards (citing *Martinez v. State Farm Lloyds*, No. 3:16-cv-404, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016))).

But the adjuster defendants submitted a recording of the adjuster's call with the Church's pastor to show that there was no misrepresentation. (Docket Entry No. 16-1). The court reviewed the recording. The Church's pastor and the adjuster hold a steady conversation for fifteen minutes. Although English is not the pastor's first language, he is proficient, speaks clearly, and his responses to the adjuster's questions show that he clearly understood those questions. The pastor

2

did not ask for clarifications or state that he misunderstood the adjuster's questions, including during the last four minutes when they discussed whether the Church's heater was often turned off. The adjuster asked open-ended questions, and the Church's pastor responded clearly and concisely that he had turned the heater off. The pastor later distinguished between turning the heater off and lowering the thermostat; the pastor states in the recording that the heater was turned off in the sanctuary but that the temperature was only lowered in the office area. The adjuster's final question is compound and potentially confusing, but it only summarized the pastor's clear answers from earlier in the conversation. There is no basis to find that the adjuster misrepresented to the insurance company that the pastor had said that the heater was turned off before the freeze. Whether the heater was in fact turned off is a different question. For the purpose of the motion to remand, there is no "reasonable basis of recovery under state law" on the misrepresentation claim against the adjuster or his employer. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

    The adjuster defendants—Jack Hignett and Gulf Coast Adjustment Service of Houston, Inc.—are dismissed as improperly joined. This court has jurisdiction under 28 U.S.C. § 1332. The motion to remand, (Docket Entry No. 3), is denied.

    SIGNED on February 23, 2026, at Houston, Texas.

                                                                Lee H. Rosenthal
                                                           Senior United States District Judge